IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HOLLI CHAPMAN, § <br> #43541-177, § <br>     Movant, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br>     Respondent. § | CIVIL NO. 3:24-CV-2619-N <br> (CRIMINAL NO. 3:11-CR-282-N-1) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Movant Holli Chapman's *Motion Under 28 U.S.C. § 2255 To Vacate, Set aside and Correct Sentence*, received on October 16, 2024 (Dkt. No. 1). Based on the relevant filings and applicable law, the motion is **DISMISSED** with prejudice as barred by the statute of limitations.

**I.  BACKGROUND**

After being charged by indictment with one count of production of child pornography and one count of shipping and transporting child pornography, Chapman pled guilty to the production count under a plea agreement. *See* Crim. Dkt. Nos. 1, 17, 20. By judgment dated May 21, 2012, she was sentenced to 360 months of imprisonment, to run concurrently with a pending state charge and to be followed by ten years of supervised release. *See* Crim. Dkt. No. 29. Chapman did not appeal her conviction or sentence.

On October 16, 2024, Chapman filed a motion to vacate her sentence under 28 U.S.C. § 2255. *See* Dkt. No. 1. In it, Chapman contends that her trial counsel rendered ineffective assistance on several grounds and that the Government committed fraud on the Court by knowingly making false statements regarding evidence. *See generally id.* Because the § 2255 motion appeared untimely, the Court ordered Chapman to respond regarding the application of

the one-year limitations period. *See* Dkt. No. 3. In her response to the Court's order, she argues that her § 2255 motion should proceed because of her status as a layperson and inability to obtain her case file and based on her alleged actual innocence. *See* Dkt. No. 4.

## II.  STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), Chapman's conviction became final on June 4, 2012, when the 14-day period for appealing her criminal judgment expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of the time to file an appeal). She does not allege that government action prevented her from filing a § 2255 motion earlier, and she has not identified any right newly recognized by the Supreme Court. *See* 28 U.S.C.

§§ 2255(f)(2), (3).

The facts supporting Chapman's claims of ineffective assistance of counsel and prosecutorial misconduct became known or could have become known through the exercise of due diligence prior to the date her conviction became final. Because the date her conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, June 4, 2012. Chapman filed her § 2255 motion over 12 years later, so it is untimely in the absence of equitable tolling or an applicable exception to the limitations period.

**A. Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting h[er] rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). A habeas petitioner is entitled to equitable tolling only if she shows that: (1) "[s]he has been pursuing h[er] rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*,

174 F.3d 710, 713 (5th Cir. 1999).

Here, Chapman argues that she "is a layperson who is also in prison," and asserts that it took her time to obtain her case file and to "seek someone to help her understand how to read the legal documents." Dkt. No. 4 at 2-3. She also generally states that the "Truth & Facts are she has practiced due diligence for years and through that time she gathered information that rev[ea]led the 'Fraud' and Miscarriage of Justice by the government before this Court." *Id.* at 3. She also appears to seek equitable tolling based on actual innocence. *See id.*

Chapman's pro se status, "the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations," however. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Nor is a claim of actual innocence sufficient to warrant equitable tolling. *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011). Chapman's allegations accordingly fail to show that she exercised due diligence in pursuing her rights or the existence of any rare and exceptional circumstance preventing her from filing a timely § 2255 motion. She therefore has not carried her burden to establish circumstances meriting equitable tolling.

**B. Actual Innocence**

Chapman contends that her "Actual Innocence Claim by newly discovered evidence that she was able to learn through the due diligence she practiced warrants this Court to allow her to present her claims of ineffective assistance of counsel." Dkt. No. 4 at 3. Her claim of actual innocence is premised on her assertion that "no photographics [sic] were found on Chapman's cell phone." *Id.* at 4.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . [or] expiration of the statute of limitations."

*McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has explained that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met); *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). A credible claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "The Supreme Court has not defined 'new reliable evidence,'" and the Fifth Circuit "has not decided whether such a claim requires 'newly discovered, previously unavailable evidence, or, instead, evidence that was available but not presented at trial.'" *Plata v. Davis*, No. 18-41152, 2019 WL 11276454, at *1 (5th Cir. Dec. 5, 2019) (quoting *Hancock v. Davis*, 906 F.3d 387, 389 & n.1 (5th Cir. 2018)). The Fifth Circuit has, however, held that "[e]vidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock*, 906 F.3d at 390 (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case, as here. *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if it does, Chapman's claim fails.

Chapman bases her actual innocence claim on the alleged photographic contents of her own cellphone, statements contained in the presentence investigation report prepared in the

underlying criminal proceedings, and representations made by the Government in the underlying criminal proceedings. *See* Dkt. No. 4 at 3-4. This evidence "'was always within the reach of [her] personal knowledge or reasonable investigation,'" and does not constitute "new" evidence sufficient to overcome the AEDPA's statute of limitations based on actual innocence under *Schlup*. *Hancock*, 906 F.3d at 390 (holding that witness affidavits were not "new" evidence under the *Schlup* standard where the petitioner failed to show that they were unavailable to him or trial counsel at or before trial); *see also Plata*, 2019 WL 11276454, at *1 (holding that text messages in possession of the petitioner and counsel at trial did not constitute "new" evidence of actual innocence under *Schlup*).

Because Chapman fails to support her gateway claim of actual innocence with new evidence, and fails to show that it was more likely than not, in light of such new evidence, that no reasonable factfinder would have found her guilty beyond a reasonable doubt, she is not entitled to the actual-innocence exception to the applicable limitations period. She therefore has failed to overcome the statute of limitations, and her § 2255 motion is time-barred.

### III.  CONCLUSION

For the aforementioned reasons, Chapman's *Motion Under 28 U.S.C. § 2255 To Vacate, Set aside and Correct Sentence*, received on October 16, 2024 (Dkt. No. 1), is **DISMISSED** with prejudice as barred by the statute of limitations.

SO ORDERED this 7th day of March, 2025.

_____
DAVID C. GODBEY
CHIEF UNITED STATES DISTRICT JUDGE

6